[No. 31987. Department Two. February 21, 1952.]

THE STATE OF WASHINGTON, *on the Relation of Roberta H. Church et al., Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *William J. Wilkins, Judge, Respondent.*[1]

[1] Reported in 240 P. (2d) 1208.

*Mary E. Burrus*, for relators.

*A. C. Van Soelen, John A. Logan, G. Grant Wilcox*, and *Robert C. Strong*, for respondent.

PER CURIAM.—The city of Seattle brought a proceeding in the superior court to acquire by condemnation certain real property owned by relators for a site for a sewage disposal plant. An adjudication that the use for which the property is sought to be taken is a public use was entered by the trial court. This order is before this court on a writ of certiorari.

Relators contend that the trial court abused its discretion in not granting them additional continuances to prepare for the hearing on the question of public use. The record shows that continuances were granted before the hearing, and we find no abuse of discretion by the trial court in this regard. *Jerkovich v. Pacific First Federal Sav. & Loan Ass'n.*, 23 Wn. (2d) 130, 160 P. (2d) 512 (1945), and cases cited.

Relators also contend that the action of the city council was arbitrary and capricious. The rule is well settled in this state that a declaration of necessity by the proper municipal authorities is conclusive, in the absence of actual fraud or such arbitrary or capricious conduct as would amount to constructive fraud. *State ex rel. Northwestern Electric Co. v. Superior Court*, 28 Wn. (2d) 476, 183 P. (2d) 802 (1947), 173 A. L. R. 1351, and cases cited. The evidence in this case does not support relators' contention in this regard.

Nor can it be said that the use of land for a sewage disposal plant is not a public use or that the disposal of sewage is not a governmental function for which the city has a right to condemn property. *Snavely v. Goldendale*, 10 Wn. (2d) 453, 117 P. (2d) 221 (1941), and cases cited.

Relators finally urge that the city has failed to proceed properly in the adoption of the ordinance authorizing the

acquisition of this site, and in the subsequent steps taken in the condemnation proceeding. However, they have not shown, nor can we find, any mandatory provision of the city charter or of the statutes relating to condemnation which the city has not obeyed.

The order is affirmed.

