[No. 36972.    Department One.    June 27, 1963.]

*In the Matter of the Petition of* THE CITY OF BELLEVUE.

FISHER WILLYS COMPANY, *Relator*, v. THE SUPERIOR COURT FOR KING COUNTY, *Malcolm Douglas, Judge, Respondent.**

*Michael R. Donovan*, for relator.

*Hullin, Ehrlichman, Carroll & Roberts* and *John G. Carroll*, for respondent.

PER CURIAM.—This is a review by certiorari of an order adjudicating public use in a condemnation proceeding involving real property owned by the relator, which the city of Bellevue desires to acquire for street purposes.

Northeast 2nd Street is developed as a 60-foot street west of 108th Avenue N.E. and east of 111th Avenue N.E. The city of Bellevue seeks to close the gap in Northeast 2nd Street between the avenues last named by acquiring a 60-foot right of way about 917 feet in length. Condemna-

* Reported in 383 P. (2d) 286.

tion is required only as to the relator's portion of the projected right of way, *i.e.*, 122.12 feet.

We have, as recently as January of this year (*State ex rel. Lange v. Superior Court* (1963), 61 Wn. (2d) 153, 377 P. (2d) 425), reviewed the principles of law applicable to such an adjudication, and repetition seems unnecessary.

It is urged that the order of adjudication of public use be set aside on the basis that it is arbitrary and capricious and not founded upon competent evidence. The dean of Washington state's trial judges, the Honorable Malcolm Douglas, answered that contention in his oral opinion, saying:

"In the opinion of the Court that is a very good argument you make, Mr. Donovan,[1] but the Court is of the opinion that the City has, by the testimony of its witnesses, not only established by a fair preponderance of the evidence the essential allegations of its Complaint, but that that evidence goes beyond a fair preponderance and is clear, cogent, persuasive and convincing."

His conclusion, as stated in the order adjudicating public use, was:

"That the contemplated use for which the lands sought to be appropriated herein is really and necessarily a public use of the City of Bellevue, Washington, to wit: an integral part of the public street and road system of said City . . ."

While it is unquestionably true, as argued by relator, that a certain property holder, or holders, will be greatly benefited by the opening of Northeast 2nd Street between 108th Avenue N.E. and 111th Avenue N.E., that is not the reason for the condemnation, and the case of *King Cy. v. Theilman* (1962), 59 Wn. (2d) 586, 369 P. (2d) 503, relied upon by relator, is readily distinguishable. The facts in that case were labeled as "bizarre if not unique" and as amounting to "constructive fraud." That someone is benefited by street improvements is not unusual, indeed it is frequently the fact of enhanced values that makes it possible to pay for improvements through local improve-

---

[1]Attorney for the relator.

ment districts. The extension of Northeast 2nd Street between 108th Avenue N.E. and 111th Avenue N.E. has been an integral part of the planned street system of Bellevue for some years.

■ It is also urged that Northeast 2nd Place (a 60-foot street extending between 108th Avenue N.E. and 111th Avenue N.E. just 70 feet north of and approximately parallel to the proposed extension of Northeast 2nd Street) is adequate to take care of the present traffic flow. (The proposed extension of Northeast 2nd Street would eliminate four turns for east-west traffic: Those going west on Northeast 2nd Street (1) turn north at 111th Avenue N.E., travel 70 feet to Northeast 2nd Place; (2) turn west, travel about 917 feet on that street; (3) turn south on 108th Avenue N.E., travel 70 feet to Northeast 2nd Street; and (4) turn west again at Northeast 2nd Street and continue on their way.) We have no difficulty in concluding that the elimination of these "dog leg" turns is desirable and ultimately necessary. The question of the timing of the improvement may be debatable, but we have adhered to the proposition that although the issue of public use is a judicial one (under our statutes and constitution[2]), the administrative selection is conclusive in the absence of bad faith, arbitrary, capricious, or fraudulent action. *State ex rel. Sternoff v. Superior Court* (1958), 52 Wn. (2d) 282, 325 P. (2d) 300; *State ex rel. Church v. Superior Court* (1952), 40 Wn. (2d) 90, 240 P. (2d) 1208.

■ We agree that the city of Bellevue did not act in bad faith, arbitrarily, capriciously or fraudulently.

As we said in *Miller v. Tacoma* (1963), 61 Wn. (2d) 374, 390, 378 P. (2d) 464:

---

[2]Const. Art. I, § 16 (amendment 9) reads in part as follows:

". . . Whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be really public shall be a judicial question, and determined as such, without regard to any legislative assertion that the use is public: . . ."

RCW 8.12.090 reads in part as follows: ". . . the question whether the contemplated use be really public shall be a judicial question . . ."

" ' . . . Where there is room for two opinions, action is not arbitrary and capricious when exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached. . . . ' "

The order adjudicating public use is affirmed.