[No. 36991. Department One. July 3, 1963.]

*In the Matter of the Petition of* THE HOUSING AUTHORITY OF THE CITY OF SEATTLE.

WALTER SCOTT BROWN *et al., Relators,* v. THE SUPERIOR COURT FOR KING COUNTY, *Edward E. Henry, Judge, Respondent.*\*

*Hullin, Ehrlichman, Carroll & Roberts,* for relators.

*LeSourd & Patten* and *F. A. LeSourd,* for respondent.

\* Reported in 383 P. (2d) 295.

PER CURIAM.—In this action to condemn certain property of the relators, the Housing Authority of the city of Seattle showed that it needed Lot 8, Block 68, adjacent to Yesler Terrace, an existing public housing project, for the erection of a proposed high-rise apartment building for the housing of elderly persons of low income, according to the trial court's findings. An order of public use and necessity was accordingly entered, and the relators applied for a writ of certiorari, contending that the findings were not supported by the evidence.

In enacting RCW 35.82.010, the legislature recognized the existence of unsafe and unsanitary dwelling facilities in this state, which are occupied by persons of low income who cannot afford decent housing. It declared *inter alia*:

"(3) . . . and the providing of safe and sanitary dwelling accommodations for persons of low income are public uses and purposes for which public money may be spent and private property acquired and are governmental functions of state concern; . . ."

The relators do not question the correctness of this declaration; but they contend that the building of a new apartment house for the accommodation of elderly persons of low income is not necessary, and that it is not necessary to acquire their lot for the proposed building. We do not find it necessary to discuss the evidence at length. Suffice it to say that there was substantial evidence to support the trial court's findings that the Housing Authority reasonably determined that the project is necessary and that the land is necessary for the project.

The rule is that a determination by the proper municipal authorities that a necessity exists is conclusive, in the absence of actual fraud, or such arbitrary or capricious conduct as would amount to constructive fraud. *King Cy. v. Theilman*, 59 Wn. (2d) 586, 369 P. (2d) 503; *State ex rel. Northwestern Elec. Co. v. Superior Court*, 28 Wn. (2d) 476, 183 P. (2d) 802, 173 A.L.R. 1351; *State ex rel. Church v. Superior Court*, 40 Wn. (2d) 90, 240 P. (2d) 1208. There is no contention that any of these factors was present in

this case and no evidence to support such a contention if it were made.

■ The relators also say that the condemnation is a part of a "project authorized at a clandestine meeting, contrary to RCW 42.32.010." That section provides that public notice shall be given of board meetings at which resolutions are to be adopted. The record shows that such notice was given in this instance. The fact that the project was previously discussed at a private meeting does not invalidate this later action, and the relators cite no authority so holding.

■ Error is assigned to the admission of testimony by an employee of the Housing Authority that applicants for housing had complained that they could not find adequate accommodations at prices which they could afford. We assume, without deciding, that this testimony was not competent, as the relators contend, because it was hearsay. Even so, the admission of the evidence was not error warranting a reversal, for the relators fail to show wherein they were prejudiced by its admission. There was a plethora of evidence tending to show that there was a scarcity of safe and sanitary housing for the elderly with low incomes, which was more than sufficient to support the Housing Authority's determination.

The writ is quashed.

August 20, 1963. Petition for rehearing denied.