[No. 37047.   Department Two.   October 3, 1963.]

TOWN OF MEDICAL LAKE, *Respondent*, v. ELLEN C. BROWN *et al., Petitioners.*[*]

[*]Reported in 385 P. (2d) 387.

*Roland C. Wightman,* for petitioners.

*Paul F. Schiffner,* for respondent.

PER CURIAM—This matter is before us on a writ of certiorari to review an order entered by the Superior Court of Spokane County (designated "Order of Necessity") in a condemnation proceeding whereby the town of Medical Lake seeks to acquire certain real property belonging to Ellen C. Brown for the purpose of constructing and operating sewage lagoon disposal facilities thereon. The court's order decrees that "it is necessary for the Town of Medical Lake to acquire for public use" the property described therein (which is owned by Mrs. Brown). The petitioners Wilcox and wife are purchasing the property from her under conditional sale contract. Mrs. Brown will be referred to herein as though she were the sole party in interest.

December 5, 1962, the town council enacted ordinance No. 301, entitled:

"An Ordinance Authorizing and Directing the Town Attorney for the Town of Medical Lake to Purchase and/or Institute and Prosecute an Action in the Superior Court of Spokane County, Washington, under the Right of Eminent Domain, for the Condemnation and Acquisition of fee Simple Title in Certain Tracts and Parcels of Land in Said County, Necessary to be Acquired for the Construction, Operation and Maintenance of Sewage Lagoon Disposal Facilities for Said Town's System of Sewage."

Following the title is the preamble to this ordinance which reads as follows:

"WHEREAS, the voters of the Town of Medical Lake, at a special election held in said Town on December 4, 1962, approved Ordinance No. 298 entitled:

" 'An Ordinance of the Town of Medical Lake, Washington, specifying and Adopting a Plan for the Acquisition and Construction of a System of Sewerage; Combining the Sys-

tem of Sewerage with the Water System; Calling a Special Election; Declaring the Estimated Cost; Authorizing the Issuance—Sewer Revenue Bonds; Describing Said Bonds, Declaring an Emergency for the Immediate Passage and Immediate Effectiveness of This Ordinance, and Declaring that This Ordinance Shall Take Effect Immediately Upon Its Passage, and Providing for the Publication of Said Ordinance',

"And Whereas, Public health, welfare and convenience require the construction, operation and maintenance of sewage lagoon disposal facilities for the system of sewerage of the Town of Medical Lake in and upon the property hereinafter described, and

"Whereas, the location of said sewage lagoon disposal facilities make it necessary for the Town of Medical Lake to acquire the property hereinafter described;—therefore, . . ."

January 2, 1963, section 3 of that ordinance was amended by the enactment of ordinance No. 302 to read as follows:

" 'Section 3. The compensation for the land herein ordered to be taken shall be payable from the sewer construction fund created by Ordinance No. 300, passed the Town Council December 5, 1962, and if this fund is insufficient, payment shall be made from the general funds of the Town of Medical Lake.' "

Mrs. Brown makes three assignments of error to the entry of the trial court's order adjudicating that the use for which the town seeks to acquire her property is a public use. They are:

"Assignment No. 1. The Superior Court for Spokane County erred in determining that the Town of Medical Lake has authority to acquire by condemnation, a site for a sewage lagoon.

"Assignment No. 2. The said Superior Court erred in making and entering its Order of Necessity.

"Assignment No. 3. Said Superior Court erred in failing to dismiss this action at the close of the evidence and enter judgment for Petitioners for their costs and disbursements herein incurred."

In support of the first assignment, she challenges the power of a municipality of the fourth class to condemn private property as a site for a sewage lagoon and invites

our attention to the provisions of RCW 8.12.030.[1] We have examined RCW chapter 8.12 in its entirety and are of the opinion that the legislature, in RCW 8.12.030 (which includes the words "drains and sewers"), has vested the town with authority to condemn private property for the purpose of constructing and operating such a system of sewage disposal as is involved in this case, and that the town has complied with the pertinent provisions thereof. *Othello v. Harder*, 46 Wn. (2d) 747, 284 P. (2d) 1099 (1955). See, also, *State ex rel. Church v. Superior Court*, 40 Wn. (2d) 90, 240 P. (2d) 1208 (1952).

However, should the statute above referred to be considered inadequate, we have also examined RCW chapter 35.67 and have come to the conclusion that its provisions afford ample statutory authority to permit the town to condemn private property for the purpose of establishing a sewage lagoon.

■ Mrs. Brown contends that the *Church* case is not in point, because in the present case the town does not contemplate "treating" the sewage but merely intends to permit raw sewage to accumulate in a lagoon (consisting of three ponds). As we read the record, the town intends to chlorinate any overflow from the third pond, which would be discharged into a railroad ditch. In any event, there is no evidence to support her argument that the town intends to permit the sewage to overflow into adjacent fields. Even if this were the case, it would be material only on the issue of damages (which will be tried later). It has no bearing on the "public use" issue, which is the only issue before us. *Public Util. Dist. No. 1 v. Washington Water Power Co.*, 43 Wn. (2d) 639, 262 P. (2d) 976 (1953).

■ On the question of the necessity for taking Mrs. Brown's property for the construction and operation of the sewage lagoon disposal facilities described in ordinance No.

---

[1]While not directly in point, two recent cases involving the construction of a sewage lagoon by the Town of Tieton are of interest. See *Cunningham v. Town of Tieton*, 60 Wn. (2d) 434, 374 P. (2d) 375 (1962), and *Town of Tieton v. General Ins. Co.*, 61 Wn. (2d) 716, 380 P. (2d) 127 (1963).

301 (as amended), we have many times held that the declaration of the city council in such cases is conclusive in the absence of fraud or arbitrary conduct amounting to constructive fraud.

The following decisions of this court conclusively establish this rule (which is controlling in this case): *State ex rel. Church v. Superior Court, supra; King Cy. v. Theilman,* 59 Wn. (2d) 586, 369 P. (2d) 503 (1962); *In re Housing Authority,* 62 Wn. (2d) 492, 383 P. (2d) 295 (1963); and *In re Bellevue,* 62 Wn. (2d) 458, 383 P. (2d) 286 (1963).

The burden was upon Mrs. Brown to prove such fraud or arbitrary conduct on the part of the town council in this case. We find no necessity for discussing the evidence on this phase of the case. At most, it showed only a difference of opinion between Mrs. Brown's witnesses and the town officials as to the proper location of the proposed lagoon and the necessity therefor. Mrs. Brown failed to maintain the burden of proof on this issue.

Finding no error in the record, this court hereby affirms the order of the trial court under review.

---

November 19, 1963. Petition for rehearing denied.