[No. 39912.   En Banc.   June 5, 1969.]

ACE FIREWORKS COMPANY, *Appellant*, v. THE CITY OF TACOMA, *Respondent.**

*Reported in 455 P.2d 935.

*Arnold B. Robbins* (of *Breskin, Rosenblume & Robbins*), for appellant.

*Marshall McCormick, Robert R. Hamilton,* and *Edward J. Guenther,* for respondent.

McGovern, J.—This is a declaratory judgment action wherein a fireworks wholesaler asks that an ordinance relating to the issuance of permits to sell fireworks at retail be held unconstitutional.

Laws of 1961, ch. 228, p. 2021 (codified under RCW 70.77) governs the manufacture, wholesaling and retailing of "safe and sane" fireworks in this state. By the terms of the act, a person wishing to sell at retail must first obtain a permit to do so from the state fire marshal. Thereafter, he may apply to the chief fire prevention officer of the governing body of the area in which sales are contemplated for a permit to sell at retail in the area.

September 14, 1965, the legislative body of the City of Tacoma adopted ordinance No. 17926 which established, among other things, a priority system for the renewal of retail fireworks permits. It provides:

> In the event there are more applications for licenses than there are licenses available, then licenses shall be granted in the following manner:
>
> 1. Any person, firm or corporation having been issued a license for the year prior to the making of the application shall be entitled to renew said license, said renewal applications to be issued to those persons first applying therefor who meet all the necessary qualifications and requirements.
>
> 2. Any licenses remaining shall be granted to those first applying therefor who meet all the necessary qualifications and requirements.

The ordinance also restricts the number of retail permits authorized within the city to one permit for each 8,000 city residents, but the authority to so limit is not challenged.

Appellant states that most of the retail licensees in Ta-

coma purchase their wares almost exclusively from the Zebra Distributing Company, a well-established competitor of appellant which has been doing business successfully in the area for almost 20 years. Appellant has been in business for approximately 2 years and has failed in its efforts to sell its fireworks to those licensees. It admits, however, that its right to negotiate with those licensees for their business is untrammeled.

Appellant has attacked the constitutionality of the Tacoma ordinance as being in violation of Const. art. 11, § 11, as well as in violation of the equal protection clauses of both our state and federal constitutions. From the trial court's judgment sustaining the validity of the ordinance, this appeal was taken.

Article 11, section 11, Washington State Constitution, provides that "Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws." Appellant contends, however, that Tacoma ordinance No. 17926 is in conflict with the general laws of this state, specifically RCW 70.77.270, in that the statute requires the city to *exercise its discretion* before granting retail fireworks permits whereas the ordinance itself prohibits the use of discretion in the issuance of renewal permits. Such conflict, it is urged, makes the ordinance unconstitutional.

To answer that claim of appellant is to answer also its charge that the ordinance is discriminatory and in violation of the special privileges and immunities clause of our state constitution and the equal protection clause of the fourteenth amendment to the federal constitution.

By statutory grant, RCW 35.22.280 (23), the City of Tacoma has express authority to "regulate and restrain the use of fireworks." It also has the "power in its discretion" to grant or deny an application for a retail permit "subject to such reasonable conditions, if any, as it shall prescribe." RCW 70.77.270. The question then is whether the preferential right to renew a permit given to those who held a permit in the preceding year constitutes a reasonable exer-

cise of the police power conferred on the city by the state constitution and statutes. Or, does the city, as is claimed by appellant, have to weigh all original and renewal applications for a permit one against the other before deciding who shall or who shall not receive the licenses to sell at retail?

■ We have held in a series of cases challenging statutory classifications that, if any state of facts can reasonably be conceived that will sustain the classification, there is a presumption that such facts exist. *State v. Persinger*, 62 Wn.2d 362, 382 P.2d 497 (1963); *Shea v. Olson*, 185 Wash. 143, 53 P.2d 615, 111 A.L.R. 998 (1936). An ordinance is presumed to be constitutional if it is reasonably capable of a constitutional construction. *Seattle v. Drew*, 70 Wn.2d 405, 423 P.2d 522 (1967). To be void for unreasonableness, an ordinance must be clearly and plainly unreasonable. *Seattle v. Hurst*, 50 Wash. 424, 97 P. 454 (1908). One who attacks the classification provisions of a legislative enactment has the burden of establishing that the classification is manifestly arbitrary, unreasonable, inequitable and unjust. *Treffry v. Taylor* 67 Wn.2d 487, 408 P.2d 269 (1965).

■ Thus, the burden of proof assumed by appellant in this cause was great—so heavy in fact that we are constrained to hold that it failed in its assumed task. While it is true that those persons who successfully operated under a license during the preceding year have a renewal advantage that operates to the detriment of new license applicants, yet that alone is not sufficient cause to reject the ordinance as being in violation of our due process requirements. In *Clark v. Dwyer*, 56 Wn.2d 425, 434, 353 P.2d 941 (1960), we quoted with approval from *State ex rel. Davis-Smith Co. v. Clausen*, 65 Wash. 156, 117 P. 1101 (1911) as follows:

"If . . . the act in controversy has a reasonable relation to the protection of the public health, morals, safety or welfare, it is not to be set aside because it may incidentally deprive some person of his property without fault or take the property of one person to pay the obligations of another. To be fatally defective in these respects, the regulation must be so utterly unreasonable

and so extravagant in nature and purpose as to capriciously interfere with and destroy private rights."

██ The power of government to regulate and restrain the use of fireworks cannot be denied. Indeed, considering the nature of the product, that *power* is better described as a *duty* when we think of the destructive nature of explosives and the danger to life and property attendant upon its use. It is with this thought in mind that we hold as reasonable the distinction between proven, experienced, qualified retail fireworks licensees on the one hand and other applicants who may also be qualified, but as yet without experience and still unproven. Demonstrated qualifications, concern for safety, obedience to rules and regulations concerning the care, stowage and handling of the explosive product, and manifested skill and ability as operators in this particularly sensitive field of business are all matters of unusual importance that are entitled to special consideration. These are factors to be weighed in proportion to the dangers involved in a particular business; care by persons having possession of a potentially dangerous product is assuredly greater than that required of those dealing with an innocuous product. The classification established here by the City of Tacoma in its regulation of fireworks has a reasonable and rational relationship toward preserving the public health and safety of that community.

The judgment of the trial court sustaining the authority of the City of Tacoma to make general rules of a reasonable and logical nature pertaining to the issuance of retail fireworks licenses within that city, specifically ordinance No. 17926, is affirmed.

HUNTER, C. J., HILL, FINLEY, ROSELLINI, HAMILTON, HALE, and NEILL, JJ., and DONWORTH, J. Pro Tem., concur.