### SNAP–N–POPS, INCORPORATED, Plaintiff,

v.

### C. A. BROWNING, Fire Marshal of the County of Henrico, Defendant.

### Civ. A. No. 77–0100–R.

United States District Court, E. D. Virginia, Richmond Division.

April 8, 1977.

Robert P. Buford, Hunton & Williams, A. J. T. Byrne, Joseph C. Kearfott, Christopher J. Habenicht, Richmond, Va., for plaintiff.

William G. Broaddus, County Atty., Henrico County, John L. Knight, Asst. County Atty., Richmond, Va., for defendant.

### MEMORANDUM

MERHIGE, District Judge.

Snap-N-Pops, Incorporated (SNP), a Texas corporation, brings this action seeking to enjoin the restraint on the sale of its product in Henrico County, Virginia, alleging that the removal of said product, designated Snap 'n' Pops, from retail establishments, constitutes the taking of private property without due process of law in violation of the Fourteenth Amendment of the United States Constitution, Article I, Section 11 of the Virginia Constitution, and the provisions of 42 U.S.C. § 1983. The defendant is C. A. Browning, Fire Marshal of the County of Henrico, Virginia. The amount in controversy exceeds $10,000 exclusive of interest and costs. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332, the existence of a federal question pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The matter comes before the Court on plaintiff's motion for a preliminary injunction. A hearing has been held, and the matter is now ripe for disposition.

SNP markets novelty toy noisemakers known as Snap 'n' Pops throughout the United States through various retail outlets. Until the commencement of this action, approximately 35 retail establishments in Henrico County, Virginia offered the product for sale. The principal retailers are the Southland Corporation (which operates and manages Seven-Eleven Convenience Stores) and Peoples Drug Stores.

On or before February 22, 1977, the defendant, C. A. Browning, Fire Marshal of Henrico County, determined that Snap 'n' Pops were "fireworks" within the meaning of the Henrico County Fire Prevention Code and that it was unlawful to sell or distribute same in the County.[1] The defendant advised and requested Snap 'n' Pops retail customers not to sell them, although he has not ordered the Snap 'n' Pops removed or confiscated pending the outcome of this litigation.

■ In considering a motion for a preliminary injunction, there are four factors which are to be considered by the Court:

"[A] threat of irreparable injury to the plaintiff should preliminary injunctive relief be denied; injury to other parties should the injunction issue; the probability that the plaintiff will succeed on the merits; and the interests of the public." *Conservation Council of North Carolina v. Costanzo*, 505 F.2d 498 (4th Cir. 1974).

For the reasons which follow, consideration of these factors leads the Court to conclude that it would be inappropriate to issue a preliminary injunction in this cause.

---

1. Section 13.2 of the Henrico County Fire Prevention Code defines "fireworks" as follows:

    "*Fireworks* shall mean and include any combustible or explosive composition, or any substance or combination of substances, or articles prepared for the purpose of producing a visible or an audible effect by combustion, explosion, deflagration or detonation, and shall include blank cartridges, toy pistols, toy cannons, toy canes, or toy guns in which explosives are used, the type of balloons which require fire underneath to propel the same, firecrackers, torpedoes, skyrockets, model rockets, Roman candles, Daygo bombs, sparklers, or other devices of like construction and any devices containing any explosive or flammable compound, or any tablets or other devices containing any explosive substance, except that the term 'fireworks' shall not include auto flares, paper caps containing not in excess of an average of twenty-five hundredths of a grain of explosive content per cap manufactured in accordance with the [United States Department of Transportation] regulations for packing and shipping as provided therein, and toy pistols, toy canes, toy guns or other devices for use of such caps, the sale and use of which shall be permitted at all times. Pyrotechnics (special fireworks) shall comply with the applicable provisions of Article 12."

    Section 13.3(b) provides:

    "It shall be unlawful for any person to store, to offer for sale, expose for sale, sell at retail, or use or explode any fireworks except as provided in Sections 13.3c through 13.3f."

    Section 13.6 provides:

    "The Chief of the Bureau of Fire Prevention shall seize, take, remove or cause to be removed at the expense of the owners all stocks of fireworks offered or exposed for sale, stored, or held in violation of this article."

SNP contends that the defendant's interference with the sale of Snap 'n' Pops is unlawful and, therefore, constitutes a deprivation of plaintiff's property without just compensation or due process of law in violation of the rights guaranteed by the Fourteenth Amendment of the United States Constitution and the Due Process Clause of the Virginia Constitution. It is allegedly unlawful because (1) Snap 'n' Pops are not "fireworks" within the meaning of the Henrico County Ordinance; and (2) even if Snap 'n' Pops are included in the fireworks ordinance, the Ordinance itself is unconstitutionally vague and overbroad and that the inclusion of Snap 'n' Pops within the prohibitive classification is an arbitrary and unreasonable exercise of the police powers. These contentions will be addressed seriatim.

Each unit of Snap 'n' Pops consists of a small paper parcel approximately ¼ of an inch in diameter with a twisted paper tail approximately ¾ of an inch long. The parcel contains crushed gravel particles that are treated with a silver azide compound. When Snap 'n' Pops are squeezed, dropped, or thrown against a hard surface, the mechanical shock causes the silver azide to decompose, resulting in an audible noise or pop and the dispersal of the crushed gravel. The Ordinance defines fireworks as any

"combustible or explosive composition, or any substance . . . prepared for the purpose of producing a visible or an audible effect by combustion, explosion, deflagration or detonation."

■ Although the ordinance itself does not define "explosion", it is elsewhere technically defined as a chemical reaction which results in the instantaneous release of gases and heat. *See, e. g.*, 49 C.F.R. § 173.50 (DOT Regulations).[2] The decomposition of silver azide in Snap 'n' Pops does result in the production of solid silver, gaseous nitrogen, and a minute quantity of heat, and is,

thus, within the technical sense, an explosion. Plaintiff contends that the word "explosion" denotes a violent discharge with some destructive effect and that the decomposing process in Snap 'n' Pops produces no destructive or even noticeable effect on its surroundings. Although the Court is satisfied, on the basis of evidence adduced at the hearing, that Snap 'n' Pops does not constitute a fire hazard, the resultant dispersal of crushed gravel particles may pose a risk of bodily injury, particularly to the eyes.

■ Plaintiff further contends that, if explosive in nature, Snap 'n' Pops are the substantial equivalent of paper caps and, as such, are expressly exempted from the application of the Ordinance. Section 13.2 of the Ordinance expressly exempts paper caps that contain less than .25 of a grain of explosive content. The evidence before the Court establishes that Snap 'n' Pops, on the average, contain .012 of a grain, or about 1/20th of the explosive content permitted for paper caps. However, it is not the explosive content but rather the dispersal effect of the gravel particles in Snap 'n' Pops that constitutes the potential safety hazard, and Snap 'n' Pops is, therefore, not the substantial equivalent of paper caps. The Court concludes that Snap 'n' Pops are fireworks within the meaning of § 13.2 of the Henrico County Fire Prevention Code.

■ The plaintiff's contention that, even if Snap 'n' Pops is a prohibited product within the meaning of the fireworks ordinance, the Ordinance itself is unconstitutionally arbitrary and vague, must also fail. The enactment by the Henrico County Board of Supervisors of the Henrico County Fire Prevention Code § 13.2 is a valid exercise of the Board's police powers designed to promote the health, safety and welfare of the public. The plaintiff contends that the purpose of the Ordinance is to prevent fires and personal injury associated with

---

**2.** The Federal Department of Transportation Regulations, 49 C.F.R. § 173.50 provides:

"An explosive. (a) For the purpose of Part 170.189 of this Chapter, an explosive is defined as any chemical compound, mixture, or device, the primary or common purpose of

which is to function by explosion, *i. e.*, with substantially instantaneous release of gas and heat, unless such compound, mixture or device is otherwise specifically classified in Parts 170–189 of this Chapter."

**364**

the use of fireworks. Since Snap 'n' Pops "pop" without measurable heat and will not ignite even the most flammable substances, the plaintiff contends that its product does not pose a reasonable threat of personal injury and the application of the Ordinance to them constitutes an arbitrary and unreasonable use of the County's police power.

 It is well settled that validly enacted municipal ordinances are presumptively valid. *Sheek v. City of New Port News*, 214 Va. 288, 199 S.E.2d 519 (1973); *Kisley v. City of Falls Church*, 212 Va. 693, 187 S.E.2d 168 (1972). "Unless clear and convincing proof demonstrates that an ordinance is arbitrary and unreasonable, the ordinance must be upheld." *Sheek, supra*, 199 S.E.2d at 521. The evidence supports a finding that the inclusion of Snap 'n' Pops as a prohibitive firework is neither arbitrary or unreasonable. Although admittedly there was convincing proof that Snap 'n' Pops does not pose a threat as a fire hazard, the toy noisemakers do, in the Court's view, pose a potential threat of personal injury because of the gravel particles which are dispersed following the explosion of the devices.

Where, as here, the question of reasonableness is fairly debatable, this Court will not substitute its judgment for that of the legislative body which is primarily responsible for the legislative classification.

Nor is the Henrico County Fire Ordinance, in the Court's view, unconstitutionally vague or overbroad. It is sufficiently clear to give fair warning to manufacturers whether a product is prohibited because it is a firework. *See United States Civil Service Commission v. National Association of Letter Carriers*, 413 U.S. 548, 579, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973); *Standard Oil v. Commonwealth of Virginia*, 131 Va. 830, 833, 109 S.E. 316, 317 (1921).

Because § 13.2 of the Henrico County Fire Prevention Code was validly enacted, it is not unconstitutionally vague or arbitrary, and because Snap 'n' Pops are "fireworks" within the meaning of the Code, there is little probability that the plaintiff will succeed on the merits of the alleged due process violations. Additionally, because the potential harm to the plaintiff is monetary, it is outweighed by the defendant's and the public's interest in maintaining the safety of the citizenry. Accordingly, the plaintiff's motion for a preliminary injunction will be denied.

An appropriate order will issue.