**SOUTH DAKOTA DEPARTMENT OF PUBLIC SAFETY, ex rel. James MELGAARD, Deputy Secretary, Plaintiff and Appellee,**

v.

**Donald N. HADDENHAM, d/b/a Wholesale Fireworks, Defendant and Appellant,**

and

**Starr Fireworks, Inc., Defendant and Appellant.**

**Nos. 13992, 13993.**

Supreme Court of South Dakota.

Considered on Briefs May 24, 1983.

Decided Nov. 2, 1983.

---

Robert L. Timm, Chief Deputy Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

James H. Wilson of Wilson, Bottum, Olson, Goodsell & Nash, P.C., Rapid City, for defendant and appellant Donald N. Haddenham, d/b/a Wholesale Fireworks.

Harvey A. Oliver, Jr. of Bantz, Gosch, Cremer & Peterson, Aberdeen, for defendant and appellant Starr Fireworks, Inc.

WOLLMAN, Justice.

This is a consolidated appeal from an order permanently enjoining appellants from selling fireworks over-the-counter to nonresident purchasers during the period from July 6 to June 26 without verification that the purchaser is a licensed fireworks

wholesaler, manufacturer, or fireworks permit holder. We affirm.

Appellant Haddenham, a nonresident of South Dakota, is the principal owner of fireworks outlets doing business as Wholesale Fireworks at five South Dakota locations. Appellant Starr Fireworks, Inc. (Starr) is a foreign corporation which maintains fireworks outlets at two South Dakota locations. Appellants are licensed by the South Dakota Department of Public Safety to engage in retail and wholesale sales of permissible fireworks.

Since at all times material to this case SDCL 34–37–10 permitted retail sales of fireworks only from June 27 to July 5,[1] during the remainder of the year appellants engaged in wholesale sales over the counter principally to nonresidents. During this "off season" appellants required the over-the-counter purchasers to show proof that they were not residents of South Dakota. "Off season," over-the-counter purchasers at Wholesale Fireworks were required to sign the following sales slip:

FOR RESALE ONLY
I AM NOT A RESIDENT OF
SOUTH DAKOTA

Fireworks sold at wholesale for out-of-state use only. Will not be used in the State of South Dakota.

Such purchasers at Starr signed the following sales slip:

I certify that this order is purchased at wholesale for resale and will not be shot or sold in South Dakota before June 27, 19_____ or after July 5, 19_____.

The trial court refused to grant the temporary injunction sought by the South Dakota Department of Public Safety (Department), but later concluded that appellants had been violating SDCL 34–37–12 and permanently enjoined appellants from selling permissible fireworks overthecounter to nonresident purchasers during the "off season" without verification that these pur-

---

1. The 1983 Legislature amended SDCL ch. 34–37 by authorizing a special fifty-two day retail license for fireworks sales to out-of-state residents. 1983 S.D.Sess.Laws ch. 259, § 2. The amendment took effect as an emergency act on March 4, 1983.

chasers are licensed fireworks wholesalers, manufacturers, or permit holders.

As amended in 1982, SDCL 34–37–12 provided:

Nothing in this chapter shall prohibit licensed wholesalers or manufacturers from storing, selling, shipping or otherwise transporting, permissible fireworks to any person or entity outside of the state of South Dakota. The delivery of such fireworks shall only be made by a properly certified motor carrier as specified in chapter 49–28 or by licensed fireworks wholesalers or manufacturers or fireworks permit holders in vehicles owned or leased by them.[2]

■■■ Appellants argue that SDCL 34–37–12 does not apply to sales to nonresident tourists for transportation out of the state. We do not agree. The interpretation given a statute by the agency charged with its administration is entitled to great weight. *Udall v. Tallman,* 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); *Matter of State Sales Tax on Use Tax Liability of Webber Furniture,* 290 N.W.2d 865 (S.D.1980). We agree with the Department and the circuit court that the phrase "person or entity outside of the state of South Dakota" includes all nonresidents.

■■■ Appellants contend that the language "any person or entity outside of the state of South Dakota," "permit holders," and "in vehicles owned or leased by them" as used in SDCL 34–37–12 is unconstitutionally vague. Violation of this statute was a Class 2 misdemeanor and since March 4, 1983, has been a Class 1 misdemeanor. SDCL 34–37–14, as amended by 1983 S.D. Sess.Laws ch. 259, § 12.

As set forth above, Department interprets "any person or entity outside of the state of South Dakota" as all nonresidents. Department interprets "permit holders" as those persons or entities licensed in another state to import, sell, or use fireworks. Although Department does not state its interpretation of "in vehicles owned or leased by them," it is obvious that the phrase means in vehicles owned or leased by licensed fireworks wholesalers, or manufacturers, or fireworks permit holders.

In *State v. Bad Heart Bull,* 257 N.W.2d 715, 720 (S.D.1977), *appeal dismissed,* 434 U.S. 1004, 98 S.Ct. 708, 54 L.Ed.2d 747 (1978), we set forth the following guidelines for determining whether a penal statute is unconstitutionally vague:

A crime must be statutorily defined with definiteness and certainty. A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process. *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894. A criminal statute must give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden. *United States v. Harriss,* 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 and *State v. Bullis* (1975) S.D., 231 N.W.2d 851.

*See also State v. Primeaux,* 328 N.W.2d 256 (S.D.1982); *State v. Crelly,* 313 N.W.2d 455 (S.D.1981).

We conclude that persons of common intelligence need not guess at the meaning of

---

2. Prior to 1982 amendment, SDCL 34–37–12 provided:

Nothing in this chapter shall prohibit licensed jobbers, wholesalers, or manufacturers from storing, selling, shipping or otherwise transporting, other than class C fireworks, to any person or persons outside the state of South Dakota; provided, however, that delivery of such merchandise shall only be made in South Dakota to a properly licensed for hire carrier or permit holder for shipment outside the state of South Dakota. SDCL 34–37–12 was amended by 1983 S.D. Sess.Laws ch. 259, § 14, to read:

Nothing in this chapter shall prohibit licensed wholesalers or manufacturers from storing, selling, shipping or otherwise transporting, permissible fireworks to any person or entity outside of the state of South Dakota *if the sale and transportation are consistent with 18 U.S.C. Sec. 836, effective on January 1, 1983.* The delivery of such fireworks shall only be made by a properly certified motor carrier as specified in chapter 49–28 or by licensed fireworks wholesalers or manufacturers or fireworks permit holders in vehicles owned or leased by them. (1983 amendment in italics.)

the above language but would interpret it in conformity with the above interpretation. Thus, appellants were given fair notice of what conduct was expected of them in order to avoid penalty under SDCL 34–37–12.

Appellants contend that SDCL 34–37–12 is unconstitutional under the supremacy clause of the United States Constitution. They assert that SDCL 34–37–12 is preempted by the Hazardous Materials Transportation Act, 49 U.S.C. §§ 1801–1812, since SDCL 34–37–12 permits delivery of permissible fireworks only by certified motor carrier or in vehicles owned or leased by licensed fireworks wholesalers, manufacturers or permit holders, while the federal regulations permit delivery by the additional means of rail, air, and water. 49 C.F.R. §§ 174–76. Although 49 U.S.C. § 1811 provides that a state's requirement which is inconsistent with the federal statutes or regulations is not preempted if approved by the Secretary of Transportation, Department had not, at the time of the proceedings below, applied for such approval.

■ Appellants may very well lack standing to challenge the constitutionality of this portion of the statute inasmuch as they have not demonstrated that they have been adversely affected by the absence of provisions permitting rail, water, or air transportation. *See State v. Strong,* 90 S.D. 652, 245 N.W.2d 277 (1976). In any event, to the extent that SDCL 34–37–12 does not permit these modes of transportation, it is invalid under the supremacy clause and the federal statute until such time as the Department secures approval from the Secretary of Transportation.

Appellants contend that SDCL 34–37–12 represents an invalid exercise of the police power and amounts to a taking of property without just compensation in violation of the fifth and fourteenth amendments to the United States Constitution. We disagree.

As the Supreme Court of Washington has stated:

The power of government to regulate and restrain the use of fireworks cannot be denied. Indeed, considering the nature of the product, that *power* is better described as a *duty* when we think of the destructive nature of explosives and the danger to life and property attendant upon its use. (emphasis in original)

*Ace Fireworks Co. v. City of Tacoma,* 76 Wash.2d 207, 455 P.2d 935, 937 (1969).

■ To justify the exercise of a state's police power, it must appear that the interests of the public require such interference and that the means used by the state are reasonably necessary for the accomplishment of its purpose without being unduly oppressive upon individuals. *Goldblatt v. Town of Hempstead,* 369 U.S. 590, 82 S.Ct. 987, 8 L.Ed.2d 130 (1962); *Lawton v. Steele,* 152 U.S. 133, 14 S.Ct. 499, 38 L.Ed. 385 (1894). *See also Knight v. Grimes,* 80 S.D. 517, 127 N.W.2d 708 (1964).

■ There is no doubt but that the nature of fireworks makes regulation necessary. *Cohen v. Bredehoeft,* 290 F.Supp. 1001 (S.D.Tex.1968), *aff'd,* 402 F.2d 61 (5th Cir.1968); *Ace Fireworks Co., supra.* Although the reasonableness of the particular means of regulation embodied in SDCL 34–37–12 may be debatable, "debatable questions as to reasonableness are not for the courts but for the Legislature." *Goldblatt, supra,* 369 U.S. at 595, 82 S.Ct. at 990 (quoting *Sproles v. Binford,* 286 U.S. 374, 388, 52 S.Ct. 581, 585, 76 L.Ed. 1167, 1179 (1932)); *see also Snap-N-Pops, Inc. v. Browning,* 432 F.Supp. 360 (E.D.Va.1977). We will not substitute our judgment on this matter for that of the Legislature.[3]

■ Appellants contend that because SDCL 34–37–12 denies privileges, immunities, and benefits to nonresidents that are afforded to residents, it violates the equal protection clause of the fourteenth amendment and the privileges and immunities clause of article IV, section 2 of the United States Constitution. Appellants assert that SDCL 34–37–12 prevents nonresidents from discharging fireworks in the state while

---

**3.** We note that the negative impact SDCL 34–37–12 has had upon appellants' businesses has been lessened by the recently adopted amendment that authorizes a fifty-two day retail license. *See* note 1, *supra.*

there is no prohibition against residents discharging fireworks at any time of the year. Whatever force this argument may have had has been vitiated by 1983 S.D.Sess. Laws ch. 259, § 9, which makes it unlawful for any person to discharge fireworks in the state after the fifth day of July or prior to the twenty-seventh day of June. SDCL 34–37–16.1.

SDCL 34–37–12 does impose restrictions on wholesale purchases to nonresidents which are not imposed on wholesale purchases to residents. These restrictions are designed to insure that nonresident purchasers are properly permitted to import, sell, or use the fireworks in their state of destination, so as to insure transport from and to prevent explosion in South Dakota. We conclude that a rational basis exists for these requirements and that SDCL 34–37–12 violates neither the equal protection nor the privileges and immunities clause of the United States Constitution.

We have considered appellants' commerce clause challenge to the statute and conclude that it is without merit. *See Cohen v. Bredehoeft, supra.*

The order appealed from is affirmed.

FOSHEIM, C.J., and DUNN and MORGAN, JJ., concur.

HENDERSON, J., dissents.

HENDERSON, Justice (dissenting).

This case was before the trial court with common questions of fact and law pertaining to both appellants. Appellee's complaint for a permanent injunction prevailed, the trial court having entered a Memorandum Decision and later Findings of Fact and Conclusions of Law. Appellee is a state agency. Appellant Starr is a North Dakota corporation and appellant Haddenham is likewise a nonresident of South Dakota.

Appellants Starr and Haddenham urge this Court to declare SDCL 34–37–12 unconstitutional. In my opinion, it is. SDCL 34–37–12 is inconsistent and repugnant to federal enactments, namely the Hazardous Materials Transportation Act, 49 U.S.C.S. §§ 1801–1812 (Law.Co-op.1981). Appel-

lants cannot enjoy the benefits permitted by federal regulation without triggering enforcement action by the State of South Dakota. Therefore, SDCL 34–37–12 must be struck down under Article VI of the United States Constitution, commonly referred to as the Supremacy Clause. In this case, I view the federal legislation as having preempted state authority.

The trial court in its Findings of Fact, Conclusions of Law, and Memorandum Opinion held that SDCL 34–37–12 was not violative of the Federal Preemption Doctrine. Implicitly, by specifically ruling upon this issue, the trial court rejected the appellee-state's argument that appellants Starr and Haddenham lacked standing to raise this issue. Furthermore, the appellee-state failed to file a Notice of Review under SDCL 15–26A–22. Hence, I disregard the state's contention in this regard and hold that appellants are properly before this Court to advocate the unconstitutionality of a state enactment. The state is attempting to obscure the issues thereby escaping full consideration on the merits of this case. *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 490, 102 S.Ct. 752, 768, 70 L.Ed.2d 700, 721 (1982) (Brennan, J., dissenting).

The United States Congress enacted the Hazardous Materials Transportation Act to secure a pattern of uniform national regulation and to thus preclude a multiplicity of local and state regulations in the area of hazardous materials transportation. *Nat'l Tank Truck Carriers, Inc. v. Burke,* 608 F.2d 819 (1st Cir.1979). Each state cannot be an island unto itself. We cannot have quiltwork explosive acts in each state across this Nation. The national statutory scheme is directed to persons who engage in the transportation and sale of explosives. Appellants are involved in the sale of what is known as "Class C" explosives. "Class C" explosives are just plain common fireworks. Without doubt, appellants' activities are within the ambit of the national act above referred. As such, they have a right to assert their rights thereunder.

While federal regulations specifically permit the delivery and transportation of

"Class C" fireworks by rail, air, private, and common carrier, SDCL 34–37–12 only permits the delivery of such fireworks by properly certified motor carriers as defined in SDCL ch. 49–28. Therein and thereby, by words of limitation, the state statute eliminates from interstate commerce the transportation of fireworks by common, contract, marine, and inland carriers. SDCL chs. 49–2, 49–3. By limiting shipping and transportation to motor carriers, all of which pertain solely to motor vehicles operated on public highways, railroads—airplanes—and water carriers have been excluded.

Evidence definitely established that a substantial amount of fireworks is sold in the state to out-of-state residents, principally tourists, who transport them in their *private motor vehicles* to distances outside the State of South Dakota. Title 49 C.F.R. § 177.800 (1982) applies to the transportation of hazardous materials by motor vehicles upon public highways. Language of § 177.800 provides in part: "To promote the uniform enforcement of law and to minimize the dangers to life and property incident to the transportation of hazardous materials, by private, common and contract carriers, by motor vehicle engaged in interstate or foreign commerce . . . ." Additionally, 49 C.F.R. § 177.801 (1982) provides in part: "Hazardous materials except such as may not be accepted and transported under Parts 170–189 of this subchapter, may be accepted and transported by private, common and contract carriers by motor vehicle engaged in interstate or foreign commerce, provided they are in proper condition for transportation and are certified as being in compliance with Parts 170–189 of this subchapter . . . ." Any citizen using his or her *private motor vehicle* has the right to transport fireworks. State-appellee is clever in its brief in pointing out how the record is devoid of evidence that its own Department of Public Safety enforces SDCL 34–37–12 in a manner to stop the transportation of fireworks by rail or air. Conspicuously missing from the state's brief is the same contention with respect to private automobiles.

"Class C" fireworks may be transported by rail, air, *private,* and common carrier

under federal regulations adopted by the Department of Transportation, but SDCL 34–37–12 permits delivery of "Class C" fireworks only by properly certified motor carriers or licensed fireworks wholesalers or manufacturers or fireworks permit holders in vehicles owned by them.

The South Dakota statute is not part good and part bad. It is all bad. It is unconstitutional and I therefore dissent. This 1982 statute contains two sentences. The poison contained in the second sentence spreads into the first sentence and runs afoul of the Federal Preemption Doctrine. The 1983 Legislature apparently recognized the inherent constitutional weakness of the 1982 statute and patched it with an "if" clause. It is the 1982 statute which is under constitutional attack and to which we must rivet our academic endeavor.

Tourists and their families, who come to the State of South Dakota are entitled to buy fireworks in South Dakota, put them in their car, and drive back to Sheboygan. They need not be a licensed wholesaler, manufacturer, or fireworks permit holder to do so.