

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE SEP 19 2019

CHIEF JUSTICE

This opinion was
filed for record
at 8 a.m. on Sept 19, 2019

Susan L. Carlson
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE CHURCH OF THE DIVINE EARTH, | ) ) ) | No. 96613-3 |
| Petitioner, | ) ) ) | |
| v. | ) ) | En Banc |
| CITY OF TACOMA, | ) ) | |
| Respondent. | ) ) ) | Filed ___SEP 1 9 2019___ |

JOHNSON, J.—This case concerns whether the city of Tacoma (City) can be held liable for damages for imposing an unlawful condition on a building permit. In an appeal brought under the Land Use Petition Act (LUPA), chapter 36.70C RCW, the superior court ruled that the City acted unlawfully when it placed a condition on the Church of the Divine Earth's (Church) building permit, requiring an uncompensated-for dedication of land for right-of-way improvements. However, the court denied the Church's action for damages under RCW 64.40.020, and the Court of Appeals affirmed. We reverse and remand for a new trial.

FACTS

On September 20, 2013, the Church submitted an application to the City to build a parsonage on property it owned. A single-family residence had previously been located on the property, but it had been demolished in 2012. City staff reviewed the permit application and placed a number of conditions on it, including, at issue here, a requirement that the Church dedicate a 30-foot-wide strip of land for right-of-way improvements to a street abutting the property. While the existing street was generally 60 feet wide in other areas, it was 30 feet wide next to the Church's property. This lack of uniformity had existed for around 100 years.

The Church challenged the permit conditions, and the City eventually removed most of them but kept the requirement for a dedication. The Church appealed the decision to the City's hearing examiner, and the hearing examiner granted summary judgment in favor of the City.

The Church filed a timely appeal under LUPA, in which it challenged the hearing examiner's decision and also sought damages under RCW 64.40.020. In addressing the propriety of the dedication, the court confined its review to the administrative record that had been before the hearing examiner and acknowledged that, in that record, the stated purpose by the City for imposing the dedication requirement was to create a uniform street. The court held that this reason was

2

insufficient to justify the requirement and reversed the hearing examiner, invalidating the condition.

The case then proceeded to trial on the issue of damages. The court issued an order prohibiting the City from entering evidence to show the dedication was imposed for any reason other than uniformity. However, during trial, City officials testified that the dedication was intended to address a variety of issues, including to alleviate impacts to traffic, visibility, parking, and pedestrian safety, as well as to bring the street into compliance with city codes and industry best practices. The trial court apparently considered the evidence and found that the City imposed the dedication to address increased vehicular and pedestrian traffic and related safety impacts, and to ensure adequate visibility. It then concluded (a) "[t]he City reasonably believed that the development conditions it attached to the permit had a nexus to the project and were proportional" and (b) the City "did not know and should not have reasonably known that its requirement for a dedication of right of way would be considered violative of *Nollan/Dolan*[1]." Clerk's Papers (CP) at 2408. The court denied the Church's request for damages, and the Church appealed.

The Court of Appeals affirmed the trial court, holding that "[b]ecause the City reasonably believed that it satisfied the requirements of *Nollan/Dolan*, it did not

---

[1] *Nollan v. Cal. Coastal Comm'n*, 483 U.S. 825, 107 S. Ct. 3141, 97 L. Ed. 2d 677 (1987); *Dolan v. City of Tigard*, 512 U.S. 374, 114 S. Ct. 2309, 129 L. Ed. 2d 304 (1994).

know and should not have known that its action was unlawful." *Church of Divine Earth v. City of Tacoma*, 5 Wn. App. 2d 471, 494, 426 P.3d 268 (2018). The Court of Appeals also awarded attorney fees to the City. The Church petitioned this court, and we granted limited review.[2] *Church of Divine Earth v. City of Tacoma*, 192 Wn.2d 1022, 435 P.3d 285 (2019).

## ISSUE

1. Whether the City knew or should reasonably have known its requirement for a dedication of land was unlawful.

## ANALYSIS

We should first settle what this case is not about. This is not a case challenging the constitutionality of a land use decision; the propriety of the permit condition was already resolved by the lower court and is not before us on appeal. And because the superior court invalidated the permit condition, this is not a claim for just compensation for a taking. Instead, what we have before us is a claim for damages under RCW 64.40.020 for an attempted exaction of land through an unlawful permit condition.

RCW 64.40.020(1) allows a property owner who files an application for a permit to bring an action for damages

> to obtain relief from acts of an agency which are arbitrary, capricious, unlawful, or exceed lawful authority, or relief from a failure to act

---

[2] Amicus briefs in support of the Church were filed by Pacific Legal Foundation and the Building Industry Association of Washington.

within time limits established by law: PROVIDED, That the action is unlawful or in excess of lawful authority only if the final decision of the agency was made with knowledge of its unlawfulness or that it was in excess of lawful authority, or it should reasonably have been known to have been unlawful or in excess of lawful authority.

This statute does overlap to some degree with LUPA insofar as, to obtain damages under RCW 64.40.020, the land use decision must, necessarily, be invalid. But not every successful LUPA appeal will justify damages, as is expressly acknowledged in RCW 36.70C.130(2) (stating that "[a] grant of relief by itself may not be deemed to establish liability for monetary damages"). To establish liability for such damages under RCW 64.40.020, a plaintiff must meet a higher burden than is required in LUPA, establishing actual or constructive knowledge, or that the government entity acted in an arbitrary or capricious manner.

Our review here is limited to the question of whether the Church may obtain damages for the City's unlawful action. As the statute indicates, the City incurs liability for an unlawful action "only if the *final decision* of the agency was made with knowledge of its unlawfulness . . . or it should reasonably have been known to have been unlawful." RCW 64.40.020(1) (emphasis added). The City argued, and the trial court held, that the final decision was that of the hearing examiner. Therefore, the issue in this case is whether the City knew or should reasonably have known the hearing examiner's decision to allow the permit condition was unlawful. The trial court appears to have based its findings of fact and conclusions of law on arguably

5

improper, irrelevant evidence, and the Court of Appeals, in turn, applied the wrong standard in its review.

Whether the City should reasonably have known the final decision was unlawful is an issue involving related questions of both law and fact. *Isla Verde Int'l Holdings, Ltd. v. City of Camas*, 147 Wn. App. 454, 467, 196 P.3d 719 (2008). It requires an examination of the law, which the City is presumed to have known, *see, e.g., State ex rel. Dungan v. Superior Court*, 46 Wn.2d 219, 222, 279 P.2d 918 (1955), and the material facts underlying the final decision. The statute creates an objective standard, asking whether a reasonable person looking at the facts utilized in the final decision would be expected to know the decision violated established law. *See, e.g., In re Forfeiture of One 1970 Chevrolet Chevelle*, 166 Wn.2d 834, 841, 215 P.3d 166 (2009) (holding that while "actual knowledge" is a subjective standard, having "reason to know" is an objective standard); *Cloud v. Summers*, 98 Wn. App. 724, 731, 991 P.2d 1169 (1999) (recognizing the objective nature of whether a plaintiff should have known of an injury).

A permit condition for an uncompensated dedication of land is unlawful where it fails to fulfill the requirements laid out in two formative cases on unconstitutional conditions, *Nollan v. California Coastal Commission*, 483 U.S. 825, 107 S. Ct. 3141, 97 L. Ed. 2d 677 (1987), and *Dolan v. City of Tigard*, 512 U.S. 374, 114 S. Ct. 2309, 129 L. Ed. 2d 304 (1994). Taken together, the *Nollan* and *Dolan* cases create a

framework for analyzing the constitutionality of a permit condition involving an uncompensated land dedication. First, the government must show the development will create or exacerbate an identified public problem. Second, the government must show the proposed condition will tend to solve or alleviate the public problem. Finally, the government must show that the condition is roughly proportional to the development's anticipated impact. In fulfilling these requirements, the government must, to some degree, quantify its findings, and cannot rely on speculation regarding the impacts or mitigation of them.

The City provided little documentation to the hearing examiner to justify its requirement for a dedication. The record contained minutes from a September 25, 2013 review panel where the Church's permit was discussed, and a declaration from the director of planning and development services, Peter Huffman. The review panel minutes state that the Church was being required to dedicate the land "to provide consistent right-of-way widths" along the street, and 30 feet was being required "to stay consistent and provide adequate street and sidewalk area." CP at 598. Huffman's declaration summarized the City's reason for the dedication as "It is important to the City that the [right of way] in all City streets be uniform." CP at 127. Thus, the City's stated reason for the dedication was to create a consistent, uniform street.

The hearing examiner's ruling was the "final decision," and the City provided the hearing examiner only with documentation evidencing consistency and

uniformity as justifications for the dedication requirement. Therefore, under RCW 64.40.020(1) the question for the superior court was whether the Church proved the City knew or should reasonably have known that its goal for a consistent, uniform street did not justify the permit condition under *Nollan* and *Dolan*. As noted above, despite an order from the trial court properly limiting evidence to the reasoning presented to the hearing examiner for the final decision, the court permitted City officials to testify extensively regarding other reasons the City imposed the condition. The City asserted that the dedication was imposed to address increased vehicular and pedestrian traffic from the development, and concerns about visibility and obstructions to pedestrians, as well as to meet general standards for roads. None of these reasons had been presented to the hearing examiner. Nevertheless, the court apparently considered this additional reasoning and, in its findings of fact, asserted that the Church's parsonage would both increase and impair safety for vehicular and pedestrian traffic and that the dedication was necessary to ensure adequate visibility.

The trial court erred in permitting testimony of reasons for the dedication that had not informed the City's final decision to impose the permit condition. Since these additional reasons did not inform the City's final decision, the City could not use them as justification for having imposed the condition. Evidence of these other justifications was not relevant to the issue before the court, which was whether the Church proved the City knew or should reasonably have known the hearing

8

examiner's decision did not satisfy a *Nollan* and *Dolan* analysis. The court's findings of fact leave no doubt that the additional evidence led the court to conclude damages were not warranted. Because the court's findings were based on evidence not considered by the hearing examiner, they lack the necessary support and cannot justify the court's conclusions of law. *Hegwine v. Longview Fibre Co.*, 162 Wn.2d 340, 352-53, 172 P.3d 688 (2007) (holding that findings of fact must be supported by substantial evidence and must, in turn, justify a court's conclusions of law).

The Court of Appeals then erred on review by applying the wrong legal standard under the statute. The court held that because the City "reasonably believed" its requirement for a dedication was lawful, "it did not know and should not have known that its action was unlawful." *Church of Divine Earth*, 5 Wn. App. 2d at 494. But whether the City believed in the lawfulness of its actions is a subjective question and conflicts with the statutory standard of RCW 64.40.020. As discussed above, the statute requires an objective standard, asking whether the City's final decision "should reasonably have been known to have been unlawful." Thus, damages are not available if reasonable minds with the necessary knowledge and expertise could have concluded that the City's decision was lawful. The City's subjective belief that the dedication was lawful does not determine what it objectively should reasonably have known. The Court of Appeals erred in reasoning otherwise.

CONCLUSION

We reverse the Court of Appeals and remand for a new trial. On remand, the trial court should confine its review addressing the propriety of the dedication to evidence relevant to the hearing examiner's final decision. In deciding whether damages are justified, the court must determine whether the Church proved the City knew or should reasonably have known its permit condition for a dedication of land was unlawful.

WE CONCUR:

No. 96613-3

YU, J. (dissenting) — In this case, we granted review as to whether a city should be held liable for damages in accordance with RCW 64.40.020 for initially imposing a condition on a building permit that was later deemed unlawful in an appeal brought pursuant to the Land Use Petition Act (LUPA), chapter 36.70C RCW. Because the majority omits key facts, misinterprets the trial court's preliminary pretrial evidentiary ruling, and misreads the Court of Appeals opinion regarding the standard for imposing damages pursuant to RCW 64.40.020, it incorrectly declines to address the sole issue presented, and instead reverses and remands for a new trial that is entirely unnecessary.

I would hold the trial court did not err when it considered additional evidence in the damages proceeding beyond that presented in the separate LUPA appeal to determine whether the city reasonably should have known that its actions were unlawful. I would also hold that the Court of Appeals applied the correct

1

legal standard for assessing liability pursuant to RCW 64.40.020, and I would

affirm its holding that the city is not liable for damages in this case. I therefore

respectfully dissent.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In September 2013, the Church of the Divine Earth (Church) applied for a

building permit to construct a parsonage on a vacant lot that the Church had

recently acquired. Clerk's Papers (CP) at 782. After the initial review, the city of

Tacoma (City) imposed a number of conditions on the building permit. *Id.* at 106.

Viewed as a whole, these development conditions sought to create a safe and

accessible roadway for pedestrians and visitors to the parsonage. The City also

cited multiple deficiencies in the permit application that would need to be cured

before the application review could continue. *Id.* at 869.

The Church did not attempt to cure the deficiencies in its application until

after litigation had begun, *id.* at 879-880, opposed all the City's conditions, and

submitted a waiver request. *Id.* at 600. Despite the incomplete application, the

City removed all of the conditions except for a 30-foot right-of-way dedication. *Id.*

at 13. This dedication requirement was eventually reduced from 30 feet to 8 feet.

*Id.* at 105. The main purpose for the right-of-way dedication was to create a

uniform street, but in context, the dedication was simply one of many conditions

imposed to generally improve safety and bring the neighborhood into compliance

with the Tacoma Municipal Code.[1]

The Church and the City continued to negotiate the permit application due to

some confusion over whether the building would be used solely as a parsonage or

would also be used for religious assembly.[2] *See id.* at 108. Finally, in April 2014,

the director of planning and development services sent a letter to the Church

clarifying the status of the application and advising the Church of its right to seek

review. *Id.* at 155-57. Shortly thereafter, the Church appealed the City's actions to

a hearing examiner, raising primarily constitutional challenges to the City's

development conditions. *Id.* at 603. After determining that the constitutional

issues raised by the Church were beyond its jurisdiction, the hearing examiner

granted summary judgment in favor of the City, allowing the City to impose the

right-of-way dedication as a development condition. *Id.* at 9-17.

The Church then appealed the hearing examiner's decision to the Pierce

County Superior Court pursuant to LUPA. Meanwhile, in a separate proceeding,

the Church alleged the City violated the Public Records Act (PRA), chapter 42.56

---

[1] Other purposes included improving visibility, achieving compliance with the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, and mitigating the potential increase in vehicular traffic due to the construction of the parsonage on the vacant lot. *See* CP at 106; Verbatim Report of Proceedings (VRP) (May 9, 2016) at 801.

[2] Additionally, the Church had constructed a garage in advance of the permit application. CP at 106. City attorney Jeff Capell explained that the City wanted the Church to "tie . . . up" the loose ends with regards to the permit application. VRP (Feb. 19, 2015) at 20.

RCW, and brought a claim for damages pursuant to RCW 64.40.020. *See id.* at

220 (Stipulated Order Bifurcating LUPA Appeal from PRA & Damages Claims).

In the LUPA appeal, Judge Martin found that the City had failed to "carry its

burden to prove the condition complied with the requirements" of the

*Nollan/Dolan* analysis[3] and invalidated the right-of-way dedication requirement.

*Id.* at 275. The case before us concerns only the separate damages claim, and as

noted below, the sole issue was whether the City knew or reasonably should have

known the dedication was unlawful. RCW 64.40.020(1).

In the damages proceeding, a different judge, Judge Hogan, found that the

City had, in fact, conducted a *Nollan/Dolan* analysis, cited several reasons for

imposing the conditions beyond street uniformity, and concluded that the City was

not liable for damages pursuant to RCW 64.40.020. CP at 2400-09.

The Court of Appeals affirmed, holding that there was substantial evidence

to support the trial court's findings of fact and that the trial court correctly

concluded "that the City did not know and should not have known that the

dedication requirement would later be found to violate *Nollan/Dolan* and,

---

[3] *Nollan v. Cal. Coastal Comm'n,* 483 U.S. 825, 107 S. Ct. 3141, 97 L. Ed. 2d 677 (1987); *Dolan v. City of Tigard,* 512 U.S. 374, 114 S. Ct. 2309, 129 L. Ed. 2d 304 (1994). A *Nollan/Dolan* analysis must be conducted when "government demands that a landowner dedicate an easement allowing public access to her property as a condition of obtaining a development permit." *Lingle v. Chevron U.S.A., Inc.,* 544 U.S. 528, 546, 125 S. Ct. 2074, 161 L. Ed. 2d 876 (2005). Such conditions will be deemed unconstitutional takings of private property without just compensation unless the government shows that the conditions are proportionate and that they have a nexus to the problem created by the development.

4

therefore, was unlawful." *Church of Divine Earth v. City of Tacoma*, 5 Wn. App. 2d 471, 495, 426 P.3d 268 (2018). We granted review of one issue: "whether the City of Tacoma is liable for damages because it knew or should have known its action was unlawful." Order, *Church of Divine Earth v. City of Tacoma*, No. 96613-3 (Wash. Mar. 6, 2019).

## ANALYSIS

The only claim before us is the Church's claim for damages pursuant to RCW 64.40.020(1), which provides,

> Owners of a property interest who have filed an application for a permit have an action for damages to obtain relief from acts of an agency which are arbitrary, capricious, unlawful, or exceed lawful authority, or relief from a failure to act within time limits established by law: PROVIDED, That the action is unlawful or in excess of lawful authority only if the final decision of the agency was made *with knowledge of its unlawfulness* or that it was in excess of lawful authority, *or it should reasonably have been known to have been unlawful* or in excess of lawful authority.

(Emphasis added.) The only issue relevant to this claim on which we granted review is whether the City knew or should have known that the 8-foot right-of-way dedication would ultimately be determined to be an unlawful development condition. Yet the majority does not reach this issue and instead reverses and remands for a new trial based on perceived errors regarding the trial court's evidentiary rulings and the Court of Appeals' alleged reliance on an incorrect legal standard. I would hold the trial court's evidentiary rulings in the damages

5

proceedings were within its discretion and the Court of Appeals applied the correct

legal standard to reach the correct conclusion. I would therefore affirm.

First, I agree with the majority that the hearing examiner's decision is the

final agency decision and thus the relevant point in time for reviewing whether the

City knew or reasonably should have known the right-of-way dedication was

unlawful. However, the majority is incorrect to hold that the trial court in the

damages proceeding relied on "arguably improper, irrelevant evidence." Majority

at 5-6.

While the trial court in the damages proceeding did preliminarily grant a

motion to exclude evidence of reasons justifying the conditions other than street

uniformity, the court ultimately allowed extensive testimony on this topic because

it was relevant to determine whether the City's actions were arbitrary or capricious.

*See* Verbatim Report of Proceedings (Apr. 27, 2016) at 50. When City staff

testified as to reasons for the conditions other than uniformity, the Church's

counsel properly did not object because allowing this testimony was entirely within

the trial court's discretion. The trial court in the *LUPA appeal* may have been

limited to the evidence before the hearing examiner, RCW 36.70C.120(1), but the

trial court in the separate *claim for damages* was bound only by the ordinary Rules

of Evidence, and therefore had the discretion to consider relevant evidence as to

whether the City reasonably should have known that the hearing examiner's

decision was unlawful.

Moreover, while the hearing examiner's record was limited,[4] it in fact

contains evidence that the City had discussed reasons for the conditions other than

street uniformity. CP at 106 (citing a need to provide an adequate street sidewalk

area and compliance with the Americans with Disabilities Act and "Public Right of

Way Accessibility Guidelines"). Although the City did not expressly state that the

reason for the right-of-way dedication was safety, the reasoning for the other

conditions initially imposed was tied to safety. Taken as a whole, it is reasonable

to infer that the reason for imposing all of the conditions was to improve safety.

Ultimately, the trial court in the damages proceeding and the Court of

Appeals both recognized that the City had performed a *Nollan/Dolan* analysis by

discussing nexus and proportionality in the City's initial review of the permit

application. *Id.* at 2401. This finding is supported by the testimony of City staff

members and the documents considered in the record, which were properly

---

[4] The hearing examiner's record includes (1) review panel minutes, September 25, 2013, (2) Tacoma Planning and Development Services' letter decision, April 28, 2014, (3) affidavit of Steven Weinman, June 9, 2014, (4) assessor's parcel summary for 6605 East B Street, (5) corporation's division registration data for Church of the Divine Earth, (6) declaration of Peter Huffman, July 3, 2014, (7) WSBA lawyer search showing no listing for Terry Kuehn, (8) aerial photograph and drawing of lots in neighborhood, (9) amended declaration of Peter Huffman, July 9, 2014, (10) Tacoma Public Works Department memorandum (Kuntz to Kammerzell), March 5, 2014, (11) Tacoma Planning and Development Services' letter (Kuntz to Kuehn), March 7, 2014, (12) various scenarios put forward by City for development at 6605 East B Street. CP at 10-11.

admitted in the damages proceeding at the trial court's discretion and without

objection. I would therefore not hold that the trial court in the damages proceeding

considered improper and irrelevant evidence, nor would I hold that this alleged,

unpreserved error requires a new trial.

Second, the majority claims that the Court of Appeals applied the wrong

standard in determining whether the City was liable for damages. Majority at 9. It

did not. The Court of Appeals' opinion contains a single, arguably unartful

recitation of the standard as asking whether the City "reasonably believed that it

satisfied the requirements of *Nollan/Dolan*," which may suggest an improper,

subjective standard. *Church of Divine Earth*, 5 Wn. App. 2d at 494. However,

throughout the rest of the opinion, the Court of Appeals clearly applies the proper

objective standard in its analysis and correctly states that standard multiple times.

*Id.* at 485 ("the City did not know and should not have known that the dedication

was unlawful"), 490 (quoting RCW 64.40.020(1)), 493 ("The relevant question is

whether the City knew or should have known that the right-of-way dedication

requirement was unlawful."), 494 (quoting RCW 64.40.020(1)), 495 ("the City did

not know and should not have known that the dedication requirement would later

be found to violate *Nollan/Dolan* and, therefore, was unlawful"). A single,

arguably unartful statement in the context of an otherwise proper analysis does not

constitute reversible error.

8

## CONCLUSION

Without objection, the trial court in the damages proceeding properly considered relevant evidence as to whether the City should have known that the hearing examiner's decision would ultimately be held unlawful. Based on this evidence, the court determined the City could not be held liable for damages pursuant to RCW 64.40.020 and the Court of Appeals, applying the correct legal standard, properly affirmed. Because the majority fails to address the sole issue on which we granted review and reverses for an unnecessary new trial based on an incorrect reading of the record and the Court of Appeals' decision, I respectfully dissent.

_Yu, J._

Fairhurst, C.J.