IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| JESSE and FOREST RAPCZAK, and the marital community thereof, | No. 85626-0-I |
| Appellants, | |
| v. | UNPUBLISHED OPINION |
| CITY OF KIRKLAND, a municipal corporation, | |
| Respondent. | |

BOWMAN, J. — Jesse and Forest Rapczak sought a building permit to construct a new home on their Kirkland waterfront property. As a condition of issuing the permit, the city of Kirkland (City) required the Rapczaks to dedicate a public pedestrian path across their lot. The Rapczaks challenged the City's permit condition under the Land Use Petition Act (LUPA), chapter 36.70C RCW, arguing it amounts to an unconstitutional taking of private property. The trial court denied and dismissed the Rapczaks' LUPA petition with prejudice. Because the City's permit condition is not roughly proportional to the nature and impact of the Rapczaks' development, we reverse and remand for further proceedings.

FACTS

The Rapczaks live in a single-family home at 315 Lake Avenue West on the Kirkland waterfront. As the picture below shows, to the west of their lot is Lake Washington,[1] and to the east is a steep hill. Lake Avenue West is a private road that runs north-south on the east side of the waterfront homes and serves several residences, including the Rapczaks. By car, there are two dead-end sections of Lake Avenue West—the northern section, which runs between 401 and 411 Lake Avenue West, and the southern section, which runs between 299 Lake Avenue West and the Rapczaks' home at 315 Lake Avenue West, with a "gap" in the road between the two sections. But by foot, the sections are connected by a pedestrian path along the Rapczaks' and their two northern neighbors' driveways.



---

[1] There is also a City sewer easement along the western part of their lot.

As shown in the picture below, from the south, the pedestrian path runs across the Rapczaks' driveway. It then narrows to an almost five-foot-wide compact dirt and gravel trail and ends at a gate, which opens to their northern neighbor's property.



Members of the public use the pedestrian path, but the deed to the Rapczaks' property does not show a recorded pedestrian easement, and there has been no judicial determination as to a prescriptive easement. Instead, the Rapczaks' property is encumbered by a road and utility easement that created Lake Avenue West and extends north-south along the property in the area of the existing pedestrian path. A 1948 deed for the property describes an easement " '[20] feet wide' " for " 'road purposes, sewer, water pipes, power and light, [and] telephone and drainage ditches,' " and it reserves " 'the right to the use of said easement for [the] benefit of . . . other tracts in the near vicinity.' " A 1952 deed

similarly reserves an easement for road and public utility purposes.[2]

In November 2020, the Rapczaks submitted preliminary plans to the City to build a new home on their property. The plans show that they would demolish their existing house and build a new, larger house, set back further from the water.[3] The Rapczaks' plans eliminated the existing pedestrian path.

In December 2020, the Rapczaks attended a meeting with City staff to discuss the project. At that meeting, the City informed the Rapczaks that it believed there is a public pedestrian easement across their property, and that they must maintain the pedestrian path as a permit condition under Kirkland Zoning Code (KZC) 105.19. KZC 105.19(1) provides that "the City may require [a building permit] applicant to install pedestrian walkways for use by the general public . . . and dedicate public pedestrian access rights . . . where the walkway is reasonably necessary as a result of the development activity." It then lists circumstances where walkways are reasonably necessary, such as "to provide efficient pedestrian access to an activity center of the City," to shorten pedestrian routes through "unusually long" blocks, or to "connect between . . . dead-end streets" or "[o]ther public pedestrian access walkways." KZC 105.19(1)(b), (d), (e)(i), (e)(iv).

---

[2] In 2008, the homeowners served by the southern portion of Lake Avenue West recorded a "driveway easement," seeking to supersede and revise the road and utility easement "by eliminating the north 60 feet of said easement" so it would extend across only the southernmost 20 feet of the Rapczaks' property. The parties dispute the validity of the 2008 easement revision. Because the purported easement is unrelated to our determination, we do not weigh in on that dispute.

[3] If they rebuild, the Rapczaks must shift the footprint of the house east because of the sewer easement, which they cannot encroach or build on.

Based on that discussion, the Rapczaks asked the City for a formal decision about its path requirement before they submitted final plans. On March 16, 2021, the City issued a decision, "requiring the dedication of a public pedestrian walkway easement" across the Rapczaks' property under KZC 105.19(1). In its decision, the City explained that Lake Avenue West is a privately owned right-of-way that encumbers the Rapczaks' property, and cited the historic deeds' road and utility easement over the property. The City said that "for most of its life," the easement was "used as a vehicular access road" and "as a pedestrian pathway since at least [1952]."[4]

The City then found that the Rapczaks' proposed plans constituted "development activity." It applied the criteria under KZC 105.19(1) and determined that the pedestrian dedication is "reasonably necessary" because "[t]he pedestrian path on Lake Avenue West provides [a route for] pedestrian traffic between two shoreline parks," and "provides safe pedestrian access to downtown Kirkland, shopping areas, employment centers and transit." The City found that the path provides a route for pedestrians through a block that is "unusually long" because "Lake Avenue West is approximately 2,700 feet long," and "most Kirkland blocks follow the pre-established street grid measuring 500 feet in length." The City also found that pedestrian access is necessary to connect between dead-end streets where the north and south portions of Lake Avenue West terminate "at [the Rapczaks'] Property." Accordingly, the City

---

[4] The City noted the 2008 easement revision but found that it "is not relevant to the City's request for a dedicated 20-foot pedestrian easement."

concluded that under KZC 105.19(1), "a dedicated public pedestrian walkway will be required as part of [the Rapczaks'] application for a new single-family residence."[5]

On April 1, 2021, the Rapczaks filed a LUPA petition and a complaint for declaratory relief.[6] In the LUPA petition, the Rapczaks challenged the City's authority to require the dedication of a public pedestrian walkway. And in the declaratory action, the Rapczaks sought a declaration that there is no public right-of-way over their property. The City counterclaimed, seeking a declaration that there is a prescriptive easement for public pedestrian use across the Rapczaks' property. In June 2021, the Rapczaks and the City agreed to bifurcate the LUPA and declaratory causes of action and stipulated that the court should stay the requests for declaratory judgment until the LUPA cause of action concluded.[7]

In April 2022, the court held a hearing on the LUPA petition. At the hearing, the Rapczaks argued that the City cannot show the pedestrian path dedication was "reasonably necessary as a direct result of [their] replacement of

---

[5] On May 14, 2021, the City issued a second formal determination letter, again requiring the Rapczaks to dedicate a public pedestrian access easement.

[6] The Rapczaks amended their petition on April 13, 2021 and again on May 28, 2021 without any substantive changes to their claims.

[7] The City later moved under CR 16 to "re-sequence" the claims so the court would hear the declaratory action first. After a hearing on the matter, the court denied the City's motion. It determined the parties' stipulation was binding, and there was no compelling reason to set it aside.

their existing home" under KZC 105.19.[8]  And they argued the City's permit condition amounted to an unconstitutional taking of private property under *Dolan v. City of Tigard*, 512 U.S. 374, 114 S. Ct. 2309, 129 L. Ed. 2d 304 (1994), and *Nollan v. California Coastal Commission*, 483 U.S. 825, 107 S. Ct. 3141, 97 L. Ed. 2d 677 (1987).[9]  The City argued that there is a prescriptive easement across the Rapczaks' property because pedestrians had continuously used it since the 1950s.  And it contended that because the Rapczaks' new development will eliminate the existing path, the dedication is reasonably necessary.

The trial court found that there were issues of fact about whether a prescriptive easement exists and remanded for factfinding "on the scope and boundaries of the alleged easement through the Rapczak property."  The court ordered that once the factfinding is complete, "the matter shall be returned for a decision on this appeal."  On remand, the City visited the site and produced a supplemental summary for the record in the LUPA action.

---

[8] They also argued the permit condition violates RCW 82.02.020.  That statute prohibits local governments from imposing "any tax, fee, or charge, either direct or indirect, on the construction or reconstruction of residential buildings."  But it allows

> dedications of land or easements within the proposed development or plat which the county, city, town, or other municipal corporation can demonstrate are reasonably necessary as a direct result of the proposed development or plat to which the dedication of land or easement is to apply.

RCW 82.02.020.

[9] Addressed further in our analysis, *Dolan* and *Nollan* hold that the government may not condition approval of a land-use permit on the owner's relinquishment of a portion of his or her property unless there is rough proportionality between the government's demand and the effects of the proposed land use, and a nexus between the condition and the state interest served.  *Dolan*, 512 U.S. at 391; *Nollan*, 483 U.S. at 837.

7

In its January 2023 supplemental summary, the City explained that the pedestrian path across the Rapczaks' property narrows at the northern portion to about five feet wide. And, based on a review of "dozens of emails and sworn statements," it asserted that "the public has used this trail openly and without permission for decades." As a result, the City determined that "there is sufficient evidence in the LUPA file to support a finding that the public had a prescriptive easement for a walking path across the [Rapczaks'] property." So, the City concluded that the Rapczaks should maintain the "decades-old pedestrian pathway across the property," and record "a [five]-foot-wide pedestrian pathway easement across the property" as a condition of the Rapczaks' redevelopment.

The Rapczaks responded that the City "wholly failed to prove the existence of a prescriptive easement" and reminded the court that the issue of prescriptive easement was not before it. They argued that the court "must assume that none exists for purposes of its LUPA ruling" and find that the permit condition is an unconstitutional taking.[10]

In May 2023, the trial court held a second hearing on the Rapczaks' LUPA petition. The Rapczaks again argued that the City has no authority to require them to dedicate a pedestrian path because their proposed development does not warrant a new public easement under KZC 105.19(1), RCW 82.02.020, or *Dolan* and *Nollan.* And the City again argued that the dedication is reasonably

---

[10] The Rapczaks also moved to strike portions of the City's January 2023 supplemental summary as incorrect, unsubstantiated, or extraneous to the factfinding ordered by the court. They argued that the court should consider only the information that is relevant to the scope and boundaries of the alleged easement and strike the rest. The court denied the motion to strike.

8

necessary under KZC 105.19(1) because the development will eliminate an existing path that connects two dead-end streets on an unusually long block between two parks. The City also argued there is substantial evidence in the record to support finding that there is a prescriptive pedestrian easement.

In July 2023, the court entered an "Order on LUPA Appeal," concluding that the City's "requirement for dedication of a pedestrian easement across the [Rapczaks'] Property pursuant to [KZC] 105.19(1) . . . is supported by law and substantial evidence in the record." The court explained that the requirement is reasonably necessary under KZC 105.19(1).[11] And it concluded that "the City's proposed requirement for dedication of a pedestrian pathway easement also meets the constitutional nexus and rough proportionality tests of *Nollan* and *Dolan*."[12] The court denied and dismissed with prejudice the Rapczaks' LUPA petition.

The Rapczaks appeal.

## ANALYSIS

The Rapczaks argue that the trial court erred by denying and dismissing their LUPA petition because the City's permit condition that they dedicate a pedestrian path across their private property without compensation amounts to an unconstitutional taking of their property. We agree.

---

[11] The court also found the dedication reasonably necessary under RCW 82.02.020.

[12] The court also concluded that the City established that a prescriptive pedestrian easement exists along the path across the Rapczaks' property. The Rapczaks moved for reconsideration, asking that the court strike its conclusion on the prescriptive easement. The court granted the Rapczaks motion for reconsideration to strike that specific language, explaining that it did not intend to reach the legal issue of prescriptive easement in its LUPA order.

LUPA governs judicial review of land use decisions. RCW 36.70C.030. Under LUPA, a court may grant relief from a land use decision if the party seeking relief shows that the decision violates their constitutional rights. RCW 36.70C.130(1)(f). Constitutional issues are questions of law that we review de novo. *Olympic Stewardship Found. v. Envt'l & Land Use Hr'gs Off.*, 199 Wn. App. 668, 710, 399 P.3d 562 (2017).

The takings clause of the Fifth Amendment to the United States Constitution prohibits the government from taking private property "for public use, without just compensation." Similarly, under our state constitution, "[n]o private property shall be taken or damaged for public or private use without just compensation having been first made." WASH. CONST. art. I, § 16. The right to exclude others from the use of private property is " 'one of the most essential sticks in the bundle of rights that are commonly characterized as property.' " *Dolan*, 512 U.S. at 384 (quoting *Kaiser Aetna v. United States*, 444 U.S. 164, 176, 100 S. Ct. 383, 391, 62 L. Ed. 2d 332 (1979)).

In *Dolan* and *Nollan*, the United States Supreme Court established a two-part test to determine whether a government condition on development that affects a property owner's rights amounts to an unconstitutional taking. Under *Dolan*, the government's condition on development must be roughly proportional to the effect of the proposed development. 512 U.S. at 391. And under *Nollan*, there must be an "essential nexus" between the government's condition on the development and the state interest served by imposing the condition. 483 U.S. at 837.

Together, *Dolan* and *Nollan* hold that the government may not condition approval of a land-use permit on the owner's relinquishment of a portion of his or her property unless there is rough proportionality between the government's demand and the effects of the proposed land use, and a nexus between the condition and the state interest served. *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 599, 133 S. Ct. 2586, 186 L. Ed. 2d 697 (2013); *Church of Divine Earth v. City of Tacoma*, 194 Wn.2d 132, 138, 449 P.3d 269 (2019). A city's uncompensated requirement to dedicate private property as public is unlawful where it fails to fulfill both requirements. *Divine Earth*, 194 Wn.2d at 138.

The Rapczaks argue that the City's permit condition requiring them to dedicate a public pedestrian path across their property amounts to an unconstitutional taking under *Dolan* because the condition "is not roughly proportionate to the nature and extent of the impacts of rebuilding a single-family home." The City argues that the requirement is roughly proportional because the path "has existed on the property for decades," and that the Rapczaks' development "will disrupt current and longstanding pedestrian access on Lake Avenue West." We agree with the Rapczaks.

In *Dolan*, business owner Florence Dolan sought to redevelop her 1.67-acre property in the city of Tigard's central business district. 512 U.S. at 378-79. Her lot had an existing 9,700-square-foot store and gravel parking lot on the east side of the property. *Id.* at 379. And a creek flowed through the southwest corner and along the west border of the property. *Id.* Dolan proposed plans to

11

relocate the store to the west side of her property, nearly double the size of the store, and pave a 39-space parking lot. *Id.* She also proposed demolishing the existing store and adding a new structure and parking lot in its place for complementary businesses. *Id.*

The city's planning commission granted Dolan's permit but required her to "dedicate the portion of her property lying within the 100-year floodplain" as a public greenway "for improvement of a storm drainage system," and to dedicate "an additional 15-foot strip of land adjacent to the floodplain as a pedestrian/bicycle pathway." *Dolan*, 512 U.S. at 379-80. The city justified its requirement that Dolan dedicate a public greenway on her property on the commission's findings that "increased storm[ ]water flow from [her] property 'can only add to the public need to manage the [floodplain] for drainage purposes.' " *Id.* at 388.[13] And it justified its bicycle and pedestrian path dedication on her property on its finding that " 'the proposed expanded use of this site is anticipated to generate additional vehicular traffic thereby increasing congestion on nearby collector and arterial streets,' " so creating " 'a convenient, safe pedestrian/bicycle pathway system as an alternative means of transportation could offset some of the traffic demand on these nearby streets and lessen the increase in traffic congestion.' " *Id.* at 389.

Dolan requested variances from the city's standards, which the commission denied. *Dolan*, 512 U.S. at 380-81. It found that the floodplain dedication was reasonably related to the increase in impervious surface and

---

[13] Third alteration in original.

stormwater runoff caused by the development, and that the pathway dedication was reasonably related to the need to accommodate increased traffic by providing alternative means of transportation. *Id.* at 381-82. Dolan appealed to the Oregon Land Use Board of Appeals, which agreed with the city that the dedications did not amount to unconstitutional takings because they were reasonably related to the impact they were meant to mitigate. *Id.* at 382-83. The Oregon Court of Appeals and Oregon Supreme Court affirmed. *Id.* at 383. Dolan then appealed to the United States Supreme Court. *Id.*

The United States Supreme Court determined that the city's permit conditions did not bear the required relationship to the projected impact of Dolan's proposed development. *Dolan*, 512 U.S. at 394-95. The Court held that the constitution demands "rough proportionality" between the two. *Id.* at 391. And while "[n]o precise mathematical calculation is required," to satisfy the requirement of rough proportionality, "the city must make some sort of individualized determination that the required dedication is related both in nature and extent to the impact of the proposed development." *Id.* The Supreme Court rejected the city's justifications, concluding they did not support finding that the required dedications were roughly proportional to the impact of Dolan's proposed development. *Id.* at 394-95.

On the requirement of a public greenway, the Court accepted the finding that "increasing the amount of impervious surface will increase the quantity and rate of storm[ ]water flow from petitioner's property." *Dolan*, 512 U.S. at 392. But it explained that "[t]he city has never said why a public greenway, as opposed to

13

a private one, was required in the interest of flood control." *Id.* at 393. It explained that "[i]t is difficult to see why recreational visitors trampling along petitioner's floodplain easement are sufficiently related to the city's legitimate interest in reducing flooding problems." *Id.* That is, the city's interest in managing the floodplain through a public greenway was not roughly proportional to "eviscerat[ing]" Dolan's right to exclude others from her property. *Id.* at 394. The Court recognized that "[i]f [Dolan]'s proposed development had somehow encroached on existing greenway space in the city, it would have been reasonable to require [her] to provide some alternative greenway space for the public either on her property or elsewhere." *Id.* But the city's findings "do not show the required reasonable relationship between the floodplain easement and the petitioner's proposed new building." *Id.* at 394-95.

As for the bicycle path, the Court concluded even if the larger store increased street traffic, "the city has not met its burden of demonstrating that the additional number of vehicle and bicycle trips generated by [Dolan]'s development reasonably relate to the city's requirement for a dedication of the pedestrian/bicycle pathway easement." *Dolan*, 512 U.S. at 395. The city "simply found that the creation of the pathway 'could offset some of the traffic demand . . . and lessen the increase in traffic congestion.' " *Id.*[14]

Here, like in *Dolan*, the City's requirement that the Rapczaks dedicate a public pathway for pedestrian traffic is not roughly proportional to the effect of the Rapczaks' proposed development of a single-family home. The City does not

---

[14] Alteration in original.

allege, nor did it show, that the Rapczaks' development would increase pedestrian traffic such that it creates a need for a pedestrian easement. Instead, the City argues that the development would disrupt current public use of the path. As recognized in *Dolan*, such a condition may be roughly proportional to the Rapczaks' development if their new home somehow encroached on a public easement. But there is no recorded pedestrian easement across the Rapczaks' property. Nor is there a judicial determination as to a prescriptive easement. Indeed, whether a prescriptive easement exists is at issue in the parties' stayed declaratory actions.

Still, the City argues that even if there is no current pedestrian easement across the Rapczaks' property, KZC 105.19(1) justifies a dedicated public trail. According to the City, its zoning code supports such a dedication when a "walkway is reasonably necessary as a result of development activity." KZC 105.19(1). And under the code, a pedestrian path is reasonably necessary when it would provide "efficient pedestrian access to an activity center of the City, such as schools, parks, shopping areas, employment centers or transit," when "blocks are unusually long," or when "[p]edestrian access is necessary to connect between . . . [e]xisting or planned dead-end streets . . . or . . . [o]ther public pedestrian access walkways." KZC 105.19(1)(b), (d), (e)(i), (e)(iv).

But we must interpret municipal codes in a manner that renders them constitutional. *See Ace Fireworks Co. v. City of Tacoma*, 76 Wn.2d 207, 210, 455 P.2d 935 (1969) (we presume an ordinance is constitutional if it is reasonably capable of constitutional construction). So, we read the "reasonably

necessary as a result of development activity" language in KZC 105.19(1) in the context of the rough proportionality test under *Dolan*.[15]  And here, the City fails to meet that test.

We conclude that the trial court erred by denying and dismissing the Rapczaks' LUPA petition because the City fails to show rough proportionality under *Dolan*.  We reverse the trial court's order dismissing the Rapczaks' LUPA petition and remand for it to determine whether the property is subject to a prescriptive pedestrian easement before ruling on the merits of the petition.[16]

Brennan, J

WE CONCUR:

Chung, J.                                    Mann, J.

---

[15] We also view the "reasonably necessary" language of RCW 82.02.020 in the context of the *Dolan* rough proportionality requirement.  *See Grant v. Spellman*, 99 Wn.2d 815, 818-19, 664 P.2d 1227 (1983) (we reject statutory interpretations "in favor of a construction which will sustain the constitutionality of the statute").  As a result, the City's permit condition violates that statute as well.

[16] Because we reverse and remand to consider whether the Rapczaks' property is subject to a prescriptive pedestrian easement, we do not address the Rapczaks' argument that the permit condition violates the essential nexus test under *Nollan* or that the trial court erred by denying their motion to strike from the record parts of the City's January 2023 supplemental summary.